Zimmerman, J.,
dissenting. Section 5351,' General Code, expressly exempts from taxation “public property used for a public purpose.” The General As *373 sembly has not seen fit to elaborate on or limit the quoted words.
The real estate involved herein is undoubtedly “public property,” the ownership thereof and the title thereto being in the city of Dayton. It was “used for a public purpose,” since it was devoted exclusively to carrying out provisions of the Agriculture Adjustment Act, a measure passed by the Congress of the United States.
To say, as does the majority opinion, that both the ownership and the public use of property must be in and by the same public body to come within the applicable exemption provisions of Section 5351, General Code, imparts to the statute an interpretation which the language actually employed will not support, and constitutes judicial legislation.
Under the law as written, the real estate in issue should, in my opinion, have been accorded a tax exempt status, and the Board of Tax Appeals was clearly wrong in denying exemption.